IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                  )<br>         Plaintiff,               )<br>                                  )<br>    v.                            )<br>                                  )<br> MORDECHAY ALTIT,                 )<br>                                  )<br>         Defendant.               )<br>_____)<br> UNITED STATES OF AMERICA,        )<br>                                  )<br>         Plaintiff,               )<br>                                  )<br>    v.                            )<br>                                  )<br> MORDECHAY ALTIT, and SHAY DIN    )<br> ALTIT,                           )<br>                                  )<br>         Defendants.              )<br>_____)  | 2:12-cr-00303-GEB<br><br><u>RELATED CASE ORDER</u><br><br><br><br><br><br>2:12-cr-00389-MCE |

On May 16, 2013, the United States of America and Defendant Mordechay Altit ("the parties") jointly filed a "Notice of Related Cases" in which they state: "the above-entitled actions are related within the meaning of Local Rule 123 and [therefore] 12-cr-00303-GEB [should] be reassigned to Chief Judge England." (ECF No. 28, 1:26-28.) The parties further state:

> Both prosecutions charge the same defendant, Mordechay Altit, with mail fraud, identity theft, money laundering. These matters, thus, concern "the same parties and are based on . . . similar claim(s)" L.R. 123(a)(1). In addition, because Mordechay Altit will be sentenced in both cases and factual information will be presented regarding his history and characteristics pursuant to the Court's

        18 U.S.C. section 3553(a) sentencing analysis, it follows that the "similar questions of fact and the same questions of law" will arise in the above-captioned cases. L.R. 123(a)(3). If these cases were heard by different judges, there would be "substantial duplication of labor." L.R. 123(a)(4). Lastly, substantial judicial resources would be saved by relating the above-captioned matters.

(Id. at 2:26-3:9.)

The parties provide no reason why a Notice of Related Cases document was not filed "promptly," as required by the applicable local rule. E.D. Cal. R. 123(b) ("Counsel who has reason to believe that an action on file or about to be filed may be related to another action on file . . . shall promptly file in each action and serve on all parties in each action a Notice of Related Cases."). Further, the parties provide no authority to support their request that Local Rule 123(c) and the regular practice of this court be disregarded by reassigning the earlier-filed action, which is assigned to the undersigned judge, to Chief Judge England. Local Rule 123(c) prescribes:

> **If the Judge to whom the action with the lower or lowest number has been assigned** determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, **that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself**.

(emphasis added).

For the stated reasons, the parties' request that the earlier-filed action be reassigned to Chief Judge England is rejected notwithstanding the fact that a co-defendant plead guilty in that action. See generally United States v. Gurrola Madrid, 997 F. Supp. 1360, 1366 (D. Or. 1998) (indicating Federal Rule of Criminal Procedure 25(b) does not "appear to apply" when a defendant is sentenced following a guilty plea versus a verdict), rev'd on other grounds 185 F.3d 871

2

(9th Cir. 1999); United States v. Larios, 640 F.2d 938, 942 (9th Cir. 1981) (indicating that even when Rule 25(b) does apply, "[t]he Federal Rules of Criminal Procedure allow a judge other than the trial judge to do . . . sentencing . . . [when] the sentencing judge [is] familiar enough with the case to be able to assign the appropriate sentence within the statutory guidelines"). However, since examination of the above-entitled actions reveals that they are related within the meaning of Local Rule 123, action 2:12-cr-00389 is reassigned to the undersigned judge for all further proceedings, and the caption on the reassigned cases shall show the initials "GEB."  Further, any date currently set in the reassigned case is VACATED. The Clerk shall make an appropriate adjustment in the assignment of criminal cases to compensate for this reassignment.

   IT IS FURTHER ORDERED that in action 2:12-cr-00389, a Status Conference is scheduled to commence at 9:00 a.m. on June 14, 2013, for Defendant Mordechay Altit, and a sentencing hearing is scheduled to commence at 9:00 a.m. on September 13, 2013, for defendant Shay Altit.

Dated:  June 5, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge